BEACH. (CITY BANK OF COLUMBUS v.) See Cases Nos. 2,736 and 2,737.

## Case No. 1,152a.
### BEACH v. The NATIVE.
[Betts' Scr. Bk. 559.]

District Court, S. D. New York.   July 7, 1857.[1]

MARITIME LIENS—SUPPLIES — PROOF TO SUSTAIN.

[Mere proof that a set of sails was furnished a vessel by the written order of her master. with directions to charge them to the vessel and her owners, is not sufficient to establish a lien for supplies; for an implied hypothecation of the vessel cannot arise from a credit to the master, given under circumstances that would not support a bottomry, and a bottomry hypothecation by the master upon the facts in proof would be void. Pratt v. Reed, 19 How. (60 U. S.) 359, followed.]

[See The Native, Case No. 10,054.]

[In admiralty. Libel by Henry C. Beach against the schooner Native (George Cornelius, owner) for supplies. Dismissed.

[Subsequently an appeal was taken to the circuit court, and a decree of reversal by default entered in favor of libellant. This was afterwards waived, and, upon the merits, a decree was entered in favor of libellant. The Native, Case No. 10,054.]

Dean & Donohue, for libellant.

Larned & Bell and Pratt, for claimants.

Before BETTS, District Judge.

This was a libel for supplies. The schooner was owned in New Jersey, and was supplied in this port with a set of sails, by the written order of her master, with directions to charge them to the vessel and her owners.

HELD BY THE COURT.—That it is not an open question to speculate upon, in regard to the general authority of the maritime law, when the text of an express decision of the United States supreme court stands in the way. Pratt v. Reed, 19 How. [60 U. S.] 359. The court say an implied hypothecation of the vessel cannot arise under a credit to the master, [under circumstances] less stringent than are required to support a bottomry. That there is no footing for argument in this case, but that a bottomry hypothecation by the master, entered into upon the facts in proof, would have been void. Libel dismissed, with costs.

[1] [Reversed in Case No. 10,054.]